[Cite as *State v. Armstrong*, 2012-Ohio-3710.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24605 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2003-CR-609/1 |
| v. | : | |
| | : | (Criminal Appeal from |
| DERRICK A. ARMSTRONG | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

DERRICK A. ARMSTRONG, #43715-061, Manchester Federal Correctional Institution, Post Office Box 4000, Manchester, Kentucky 40962
  Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Derrick A. Armstrong appeals from the following

order of the Montgomery County Common Pleas Court:

The court, for the reasons articulated in the State's memorandum in opposition filed on February 11, 2011, overrules Derrick Armstrong's motion to lift detainer filed on February 2, 2011 and motion to correct clerical error filed on December 8, 2010.

{¶ 2}    We find no error in the order from which this appeal is taken.   In providing a detainer to federal authorities, the State was complying with OAC 5120-2-04(I), a regulation of the Ohio Department of Rehabilitation and Corrections, which requires that a prisoner be physically committed to the custody of that Department before action is taken terminating his sentence.

{¶ 3}    From the Amended Termination Entry filed in the trial court on August 3, 2009, it is clear that the trial court's failure to provide whether the sentence imposed in this case should be served consecutively or concurrently with a federal sentence anticipated at the time of Armstrong's initial sentencing was deliberate.   Therefore, it was not a clerical error.

{¶ 4}    The order of the trial court from which this appeal is taken is Affirmed.


## I.   The Course of Proceedings

{¶ 5}    In 2003, Armstrong pled no contest to Possession of Crack Cocaine in an amount equaling or exceeding 25 grams, but less than 100 grams, a felony of the first degree, and to Having a Weapon Under a Disability, a felony of the fifth degree.   He was sentenced to five years for Possession of Crack Cocaine, and to ten months for Having a Weapon Under Disability, with those sentences to be served concurrently with one another.

{¶ 6}    At the time of his sentencing, it was anticipated that Armstrong would

be sentenced for a federal offense. Armstrong contends, and the State does not dispute, that the trial court indicated at the time of sentence that it had no objection to his sentences in this case being served concurrently with his sentence for the federal offense. A transcript of the original sentencing hearing is not available to us.

{¶ 7} Before Armstrong could be transported to the custody of the Ohio Department of Rehabilitation and Corrections, he was taken into federal custody. He is currently serving a sentence in federal prison.

{¶ 8} The State has placed a detainer on Armstrong, with the federal authorities, in order that he may be committed to the custody of the Ohio Department of Rehabilitation and Corrections upon his release from federal custody. According to the 2009 Amended Termination Entry, Armstrong may be subject to post-release control upon his release from state custody.

{¶ 9} In late 2010, Armstrong filed a motion to correct clerical error in the records. He did not specify, in that motion, any alleged clerical error, but it appears from the context of this appeal that he was contending that the judgment of conviction should be corrected to reflect that his sentences in this case should be served concurrently with his federal sentence.

{¶ 10} In early 2011, Armstrong filed a Motion to Lift State Detainer, contending that since his five-year state sentence, imposed in 2003, was concurrent with his federal sentence, it was completed in 2008, and cannot be the basis for a detainer. In response, the State did not dispute that the State and federal sentences are to run concurrently (an exhibit to Armstrong's motion reflects that the federal court ordered the federal sentence to be served

concurrently with the Ohio sentence). The State took the position that Armstrong first had to be returned to State custody before he could be released, justifying the detainer.

{¶ 11} The trial court agreed with the State, and denied both motions. From the order denying his motions, Armstrong appeals.


**II. Armstrong Is Subject to Detainer Until He Is Committed to State Custody**

{¶ 12} Armstrong's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO LIFT STATE DETAINER AND MOTION TO CORRECT CLERICAL ERROR IN THE RECORD PURSUANT TO RULE 36 OF THE OHIO RULES OF CRIMINAL PROCEDURE.

{¶ 13} In support of his motion to lift his detainer, Armstrong submitted, among other documents, a letter he received from the office of the Ohio Public Defender that summarizes Armstrong's situation:

* * * You are being held pursuant to a detainer placed on you by the Montgomery County Prosecutor's Office. The reason for the detainer on you is because you were never released back to state custody when you were brought to federal court to be sentenced. The prosecutor is not disputing that both the state and federal judge intended your sentence to be run concurrently to each other. I sent her all of the documentation saying as much. However, the prosecutor will not voluntarily remove the detainer because there is a state statute that requires you physically be brought to the State Department of Corrections to be

given credit for time served.[1]

{¶ 14}   The State has not cited, and we have not found, a statute requiring that Armstrong be committed to the custody of the Department of Rehabilitation and Corrections before being released from State custody.   But the State does cite OAC 5120-2-04(I), an administrative regulation of the Department of Rehabilitation and Corrections, which provides as follows:

If an offender receives a sentence, or stated prison term to this department consecutive to or concurrent with a sentence in an institution in another state or a federal institution, no action will be taken towards considering him for parole or *otherwise terminating his sentence, or stated prison term* until the offender is physically committed to the custody of this department.   At that time, the offender's minimum and maximum, definite sentence or stated prison term shall be reduced pursuant to this rule by the total number of days confined for the crime as certified by the court and the sheriff.   (Emphasis added.)

{¶ 15}   We conclude that this regulation is a proper basis for the detainer.   In the case before us, it may be clear that Armstrong's Ohio sentence, having been concurrent with the federal sentence, has been completed.   In other circumstances, it may not be self-evident that incarceration in another prison system has resulted in the completion of an Ohio sentence; some consultation may be required.   Furthermore, in a case, like Armstrong's, where post-release control is a possibility, the Ohio Adult Parole Authority must determine whether he should be released subject to post-release control.

{¶ 16}   If these determinations should result in a defendant's being in State custody

---

[1]   The letter did conclude that since Armstrong has completed his Ohio sentence, he should be entitled to relief, possibly in the form of a motion to lift his detainer.

for an undue amount of time, after the completion of his Ohio sentence, the remedy of habeas corpus would be available.

{¶ 17}   Armstrong's principal complaint seems to be that the existence of the Ohio detainer precludes his participation in programs in federal prison that he believes would be helpful to his rehabilitation.   The consequences of Armstrong's Ohio detainer, in the federal prison system, are a matter for federal authorities to determine – not this court.   We merely decide that the placing of a detainer upon him was proper under the circumstances.


**III.   The Trial Court's Failure to Provide, in its Judgment Entry of Conviction and Sentence, Whether his Sentences in this Case Should Be Served Consecutively, or Concurrently, with an Anticipated Federal Sentence, Was Deliberate; Therefore, that Failure Was Not Clerical Error**

{¶ 18}   In support of his motion to correct a clerical error in the records, Armstrong invokes Crim.R. 36.   That Rule provides as follows: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 19}   In its Amended Termination Entry of August 3, 2009, the trial court added the following paragraph to its judgment entry:

THE COURT MAKES NO DETERMINATION REGARDING WHETHER THIS SENTENCE WILL BE CONSECUTIVE OR CONCURRENT TO ANY FEDERAL SENTENCE SINCE DEFENDANT HAD NOT BEEN SENTENCED IN FEDERAL COURT WHEN THIS SENTENCE   WAS IMPOSED.

{¶ 20}   Armstrong contends, with some justification, that the Amended Termination Entry of August 3, 2009, is a nullity, since it purports to amend a judgment that had already become final.   Be that as it may, it is nevertheless a clear indication, appearing in the record, that the trial court's failure, in its original judgment entry, to provide whether the sentences in this case should be served consecutively or concurrently with the then-anticipated federal sentence was deliberate, rather than inadvertent.   It was not, therefore, an error arising from oversight or omission, and Crim.R. 36 has no application.

{¶ 21}   Armstrong's sole assignment of error is overruled.

## IV.   Conclusion

{¶ 22}   Armstrong's sole assignment of error having been overruled, the order of the trial court denying Armstrong's motions to: (1) correct a clerical error; and (2) lift the detainer, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Derrick A. Armstrong
Hon. Michael Tucker